■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO ROJAS, Appellant. [642 NYS2d 13] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered August 9, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

Defendant's involvement as an accomplice and not merely as a passive bystander or buyer in this drug transaction was proven by legally sufficient evidence that defendant responded to the undercover officer's request for cocaine by telling her to follow him so that he could "hook [her] up"; that defendant then led the officer to a codefendant, who responded to their requests for "dimes" by telling them to wait by a telephone booth; that the codefendant then went to speak with another codefendant, who approached the officer while defendant stood by her and handed her two vials in return for $20; and that defendant then followed the officer and asked her for a "little" but the detective refused. Such conduct could be reasonably viewed as demonstrating an interest in promoting the transaction even though defendant never handled the purchase money or the drugs (*People v McDermott*, 192 AD2d 415, *lv denied* 81 NY2d 1076), and the verdict was not otherwise against the weight of the evidence. Defendant waived any agency defense, and the court's *Sandoval* ruling was a proper exercise of discretion (*see, People v Pavao*, 59 NY2d 282, 292). Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.